

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 20 PM 2:11

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YUL SMITH | CIVIL ACTION |
| VERSUS | NO. 05-2495 |
| RICHARD STALDER | SECTION "E"(6) |

### TRANSFER ORDER

Petitioner, YUL SMITH, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1980 state court first degree murder conviction and sentence. To support his challenge, petitioner contends that the grand jury was unconstitutionally empaneled.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Yul Smith v. Richard Stalder</u>, Civil Action 93-1526 "E"(6). In that petition, petitioner alleged the following grounds for relief:

(1)   The trial court failed to adequately charge the jury on reasonable doubt;

(2)   The trial court's jury instruction on the specific intent element of the crime violated his due process rights; and

(3)   The trial court erred in denying petitioner's right to suppress identification

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

The petition was dismissed on the merits by Judgment entered August 30, 1993. On June 16, 1994, the Fifth Circuit Court of Appeals affirmed the district court's judgment.

In 2001, petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the same conviction and sentence. In that action, entitled <u>Yul Smith v. James LeBlanc</u>, Civil Action 01-2652 "E" (6), petitioner alleged that he received ineffective assistance of counsel. The petition was construed in part as a motion for authorization for the district court to consider the successive claims raised therein and transferred to the Fifth Circuit Court of Appeals. The Fifth Circuit denied the motion on December 4, 2001.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)  the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

2

**IT IS ORDERED** that YUL SMITH's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___20___ day of ___July___, 2005.

_____
UNITED STATES DISTRICT JUDGE